IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-CV-

STEVEN DANIEL FELIX

                Plaintiff,

v.

B. LEONARD LEVY, TRUSTEE and HIGH DESERT QSRS, LLC

                Defendants.

---

## COMPLAINT

---

Plaintiff STEVEN DANIEL FELIX ("Plaintiff" or "Mr. FELIX"), by and through his attorney, as and for his complaint against Defendants B. LEONARD LEVY, TRUSTEE and HIGH DESERT QSRS, LLC ("Defendants"), alleges as follows:

### I. CLAIM

1.      Mr. FELIX, a person with a physical disability and significant impairments, brings this action for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses against Defendants for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, et seq. ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2.      Defendants refused to provide Mr. FELIX and others similarly situated with sufficient ADA-compliant parking in the parking lot that serves TACO BELL. At the Durango location, there is no ADA-compliant van-accessible space on the shortest access route to the main entrance. There is no disabled parking.

Based on these facts, Defendants have denied Mr. FELIX the ability to enjoy the

1

goods, services, facilities, privileges, advantages, and accommodations at TACO BELL.

## II. JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities

Act of 1990, 42 U.S.C. §12101, et seq.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the

events complained of occurred in Durango, Colorado, where the TACO BELL business is

located.

## III. PARTIES

5.      Plaintiff STEVEN DANIEL FELIX is a resident of Durango, Colorado.

Mr. FELIX is an honorably discharged U.S. Army veteran who served in Iraq,

Afghanistan and South Korea. As a result of his service, Mr. Felix is 100% disabled, as

established by the Federal government and the Veteran's Administration. Mr. Felix has

Disabled Veteran license plates on his vehicle as issued by the State of Colorado. Mr.

Felix has significant impairments and is a "qualified individual with a disability" within

the meaning of ADA Title III.

6.      Defendants B. LEONARD LEVY, TRUSTEE and HIGH DESERT

QSRS, LLC own, manage, control, and lease the improvements and building where the

TACO BELL is situated. The address of TACO BELL is 2902 Main Avenue, Durango,

CO 81301. The business is a place of public accommodation, operated by a private entity,

whose operations affect commerce within the meaning of Title III of the ADA.

7.      Defendant B. LEONARD LEVY, TRUSTEE is the owner of the property.

2

Defendant can be served process via personal service at 36 South 18th Avenue, Suite D, Brighton, CO 80601.

8.      Defendant HIGH DESERT QSRS, LLC is the owner of the property. Defendant is a foreign limited liability company whose headquarters is 911 W Coal Ave, Gallup, NM 87301. Defendant can be served process via service to its Registered Agent: URS Agents, LLC at 36 South 18th Avenue, Suite D, Brighton, CO 80601.

### IV. FACTUAL BACKGROUND

9.      TACO BELL is a business establishment and place of public accommodation in Durango, Colorado. TACO BELL is situated on real estate, property, and improvements owned, controlled, managed, and leased out by B. LEONARD LEVY, TRUSTEE and HIGH DESERT QSRS, LLC.

10.     TACO BELL is not accessible to disabled individuals because it has zero ADA-compliant van-accessible parking spaces near the main entrance. At the Durango location, there is no ADA-compliant van-accessible space (96" space with 96" side access aisle) on the shortest access route to the main entrance. There is no disabled parking.

11.     Pictures taken at the location prove this:

3



TACO BELL business in Durango, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.



TACO BELL business in Durango, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.



TACO BELL business in Durango, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.



TACO BELL business in Durango, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.

12.     The Plaintiff went to TACO BELL property in September of 2022.

13.     In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied Plaintiff the full and equal access to facilities, privileges and accommodations offered by the Defendants. Plaintiff is a resident of Durango and intends to return to TACO BELL. By not having an ADA-compliant parking area, the Plaintiff's life is negatively affected by not being able to safely access the location. This causes the Plaintiff depression, discomfort, and emotional stress and the Plaintiff is prevented from resuming a normal lifestyle and enjoying access to businesses in his area.

14.     Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because Defendants intended this configuration; (3) Defendants have the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily achievable."

15.     The Defendants' Durango location does not have the required number of ADA parking spaces. With 1-25 parking spaces, Defendants must have <u>one</u> ADA-compliant van-accessible space (96" wide with 96" side access aisle) with a sign. This space must be located on the shortest accessible route to the main entrance of the business. *See* pictures above**.**

16.     At the Durango location, there are no ADA-compliant van-accessible spaces on the shortest access route to the main entrance. There is no disabled parking on the property whatsoever.

17.     The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for 30 years. This is a blatant violation of the ADA.

### V. CLAIM FOR RELIEF - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

18.     Plaintiff repleads and incorporates by reference, as if fully set forth at length herein, the allegations contained in all prior paragraphs of this complaint.

19.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a.     A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b.     A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix D.

   c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to

the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

20.    Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, Defendant must have at least <u>one</u> ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance.

21.    Here, the Defendants did not provide a sufficient number of ADA-compliant parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA. At the Durango location, there are no ADA-compliant van-accessible spaces on the shortest access route to the main entrance. There is no disabled parking on the property whatsoever.

## VI. RELIEF REQUESTED

<u>Injunctive Relief</u>

22.    Mr. FELIX will continue to experience unlawful discrimination as a result of Defendants' refusal to comply with the ADA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendants' property equally, as required by law, and to compel Defendants to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendants to keep the property in compliance with federal law.

Declaratory Relief

23.    Mr. FELIX is entitled to declaratory judgment concerning Defendants' violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendants' location.

24.    The facts are undisputed and Defendants' non-compliance with the ADA has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendants.

Attorney's Fees and Costs

25.    Plaintiff is entitled to reasonable attorney's fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## VII.  PRAYER FOR RELIEF

THEREFORE, Mr. FELIX respectfully requests this Court award the following relief:

A.    A permanent injunction, compelling Defendants to comply with the Americans with Disabilities Act; and enjoining Defendants from violating the ADA and from discriminating against Mr. FELIX and those similarly situated, in violation of the law;

B.    A declaratory judgment that Defendants' actions are a violation of the ADA;

C.    Find that Mr. FELIX is the prevailing party in this action, and order Defendants liable for Plaintiff's attorney's fees, costs, and litigation expenses; and,

D.    Grant such other and additional relief to which Plaintiff may be entitled in

this action.

DATED: October 10, 2022           Respectfully,

                      By:       /s/ R. Bruce Tharpe
                              R. Bruce Tharpe

                              **LAW OFFICE OF**
                              **R. BRUCE THARPE, PLLC**
                              PO Box 101
                              Olmito, TX 78575
                              (956) 255-5111 (Tel)
                              Email: rbtharpe@aol.com
                              Questions@BruceTharpeLaw.com
                              Admitted in Colorado

                              ATTORNEY OF RECORD FOR
                              PLAINTIFF STEVEN DANIEL FELIX